UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
DERRICK TIGNER,

       Petitioner,      **REPORT AND**
                 **RECOMMENDATION**
   -against-
                11 Civ. 4432 (KMK)(GAY)
WILLIAM LEE, Superintendent,
Green Haven Correctional Facility,

        Respondent.
------------------------------------------------------X

TO THE HONORABLE KENNETH M. KARAS, United States District Judge:

   On March 16, 2005, a Westchester County jury convicted petitioner Derrick Tigner ("petitioner" or "defendant") of second degree murder and third degree criminal possession of a weapon.  Petitioner's conviction stemmed from his altercation with Quentin Dumas on July 4, 2004 in Yonkers, New York.  On June 2, 2005, the trial court (Molea, J.) sentenced petitioner to an indeterminate prison term of twenty-five years to life (murder) and three and one-half to seven years (criminal possession of a weapon). He is currently incarcerated at the Green Haven Correctional Facility in Stormville, New York.

   Presently before this Court is petitioner's *pro se* Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

## I.  PROCEDURAL HISTORY

At the close of the People's case, defense counsel moved to dismiss on the ground that the prosecution "failed to establish a prima facie case proving that [petitioner was] guilty beyond a reasonable doubt" (1186).[1]  The trial court denied the motion (1186).  Defense counsel renewed his motion to dismiss at the close of petitioner's case, arguing that the prosecution failed to establish "a prima facie case against [petitioner]" (1339).  The trial court found "that there [were] sufficient questions of fact presented during this case to warrant submitting this case to the jury" and denied defense counsel's motion (1339).

Petitioner, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department on the following grounds:  (1) the evidence was insufficient to establish the element of intent necessary for a conviction of second degree murder; (2) the verdict was against the weight of the evidence; and (3) trial counsel was ineffective because he failed to focus the jury's attention on petitioner's lack of intent.  See Exh. C, at 18-26.[2]  By Decision and Order dated May 27, 2008, the Second Department affirmed petitioner's conviction.  See People v. Tigner, 51 A.D.3d 1045, 860 N.Y.S.2d 542 (2d Dep't 2008).  The New York Court of Appeals denied petitioner leave to appeal on November 12, 2009.  See People v. Tigner, 13 N.Y.3d 863, 920 N.E.2d 102, 891 N.Y.S.2d 697 (2009).  By letter dated January 5, 2010,

---

[1] Numbers in parentheses refer to pages from the trial transcript.

[2] Citations to "Exh. ___" refer to exhibits attached to Respondent's Memorandum of Law.

petitioner's newly-appointed appellate counsel[3] sought reconsideration.  See Exh. J.

By Decision and Order dated March 4, 2010, the Court of Appeals granted the

application for reconsideration but again denied petitioner's request for leave to appeal.

See People v. Tigner, 14 N.Y.3d 806, 925 N.E.2d 944, 899 N.Y.S.2d 140 (2010).

On or about May 27, 2011, petitioner timely filed the instant Petition, wherein he

asserts the following grounds for habeas relief:  (1) the evidence was insufficient to

establish the element of intent necessary for a conviction of second degree murder; and

(2) trial counsel was ineffective because he (a) "failed to attack the lack of evidence with

respect to petitioner's intent to cause the death of Dumas" and (b) failed to preserve the

insufficient evidence claim.  See Petition, at 15-19.

## II.  STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court

determinations on state-law questions.  In conducting habeas review, a federal court is

limited to deciding whether a conviction violated the Constitution, laws, or treaties of the

United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  See 28 U.S.C. § 2254(a).

Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant

habeas relief for any claim adjudicated on the merits in state court unless the petitioner

---

[3] On or about July 9, 2009, petitioner requested assignment of new appellate
counsel to file an additional submission on petitioner's application for leave to appeal to
the Court of Appeals.  See Exh. G.  On or about September 15, 2009, the Appellate
Division, Second Department granted petitioner's application, relieved petitioner's
former counsel (Richard Birnbaum) and assigned Joseph Latino.  See Exh. H.

establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

A state court's decision is "contrary to" clearly established Federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]."  See Williams v. Taylor, 529 U.S. 362, 405 (2000).  As to the "unreasonable application" prong, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  See id. at 411.  A state court decision involves an "unreasonable application" of Federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Federal Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Federal Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  See id. at 407.  However, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  See Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (citation omitted).  In other words, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show

-4-

that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87.

Finally, under the AEDPA, the factual findings of state courts are presumed to be correct. See 28 U.S.C. §2254(e)(1); see also Nelson v. Walker, 121 F.3d 828, 833 (2d Cir. 1997). The petitioner must rebut this presumption by "clear and convincing evidence." See 28 U.S.C. §2254(e)(1).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that trial counsel was ineffective because he failed to attack the lack of evidence with respect to petitioner's intent to cause the victim's death and failed to preserve the insufficient evidence claim. The Supreme Court has stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686 (1984). Under Strickland's two-pronged test, petitioner will prevail on his ineffective assistance claim if he demonstrates (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's error, "the result of the proceeding would have been different." See id. at 694. Both prongs of the test must be met in order for petitioner to prevail. See United States v. Campbell, 300 F.3d 202, 214 (2d Cir. 2002). Moreover, "judicial scrutiny of counsel's performance must be highly deferential . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." <u>Id.</u> at 689.

A. <u>Failure to Attack Lack of Evidence of Petitioner's Intent</u>

As his first ground for habeas relief based upon ineffective assistance of counsel, petitioner reasserts an argument he raised on direct appeal: that trial counsel was ineffective because he failed to attack the lack of evidence with respect to petitioner's intent.  The Second Department held that petitioner's "disagreement with the strategy employed by defense counsel does not amount to a deprivation of effective assistance of counsel." <u>See</u> <u>Tigner</u>,  51 A.D.3d 1045, 860 N.Y.S.2d 542.

At trial, defense counsel elicited testimony from petitioner that he swung the knife at Dumas in self-defense (1229-30).  Thus, contrary to petitioner's contention, defense counsel attempted to demonstrate that petitioner lacked the intent to kill that is required for a conviction of second degree murder.  Defense counsel's strategy also included attacking the credibility of eyewitnesses (Sanders, Reed and Williams) in order to create doubt as to whether petitioner had a knife and whether a second knife (left by Sanders on the window ledge) had actually been the murder weapon (817-19; 820-22; 829-830; 909; 911-14; 998-1001).  Here, under the circumstances of the case, defense counsel's choice of strategy was sound.  "Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable." <u>Strickland</u>, 466 U.S. at 690.  In sum, petitioner fails to demonstrate that his trial counsel's performance "fell below an objective standard of reasonableness."  The Appellate Division's decision rejecting this claim, therefore, was not contrary to, nor did it amount to an unreasonable application of, federal law as established by the Supreme Court. Accordingly, I conclude, and respectfully recommend, that petitioner is not entitled to

habeas relief on this claim.

B. <u>Failure to Preserve the Issue of Insufficient Evidence</u>

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1).  A habeas petitioner satisfies the exhaustion requirement if he has presented his claims for post-conviction relief to the highest state court.  <u>See</u> <u>Humphrey v. Cady</u>, 405 U.S. 504, 516 (1972); <u>Grey v. Hoke</u>, 933 F.2d 117, 119 (2d Cir. 1991). "He may do so either by raising the federal claim on direct appeal to the state's highest court *or* by collateral attack of the conviction and subsequent appeal of the denial of that application to the state's highest court." <u>Pierre v. Ercole</u>, 594 F. Supp.2d 469, 470 (S.D.N.Y. 2009) (quotation and citation omitted) (emphasis is original).  Further, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made." <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982) (citation omitted).  To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." <u>See</u> <u>Galdamez v. Keane</u>, 394 F.3d 68, 73 (2d Cir. 2005).

Here, on direct appeal, petitioner argued trial counsel was ineffective because he did not utilize a strategy focusing on whether petitioner had the requisite intent for second degree murder.  The remaining allegation of ineffective assistance of trial counsel asserted in the instant Petition—that he failed to preserve the issue of insufficient evidence—was not raised on direct appeal.  Accordingly, I conclude, and

-7-

respectfully recommend, that petitioner's remaining allegation of ineffective assistance of counsel is unexhausted.

Nevertheless, said allegation is "deemed exhausted" since petitioner no longer has remedies available in the state courts.  See Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994).  Petitioner cannot again seek leave to appeal his claim in the Appellate Division or Court of Appeals because he has already made the one request for leave to appeal to which he is entitled.  See N.Y. Ct. Rules § 500.20(a); N.Y. Crim. Proc. Law § 460.15.  Further, because counsel's alleged failure is discernible from the record and therefore could have been raised on direct appeal, petitioner is precluded from raising his claim in a collateral proceeding.  See N.Y. Crim. Proc. Law § 440.10(2)(c).

Although petitioner's remaining allegation of ineffective assistance is deemed exhausted, petitioner's forfeiture of said claim in state court "bars him from litigating the merits of [that claim] in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom."  See Grey, 933 F.2d at 121.  Alternatively, said claim–while otherwise procedurally barred–may receive federal habeas review if petitioner shows that the failure to consider the claim will result in a fundamental miscarriage of justice because "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  "Actual innocence means factual innocence, not mere legal insufficiency."  Carvajal v. Artus, 633 F.3d 95, 108 n.9 (2d Cir. 2011) (quotation and citation omitted).  In order to establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  See Bousley v. United States, 523 U.S. 614, 623 (1998)

-8-

(quotations and citation omitted).  Here, however, petitioner does not allege cause for his procedural default, nor has he demonstrated actual innocence.  Accordingly, I respectfully recommend that petitioner's remaining allegation of ineffective assistance of trial counsel is procedurally barred from consideration by this Court and must be dismissed.[4]

## IV.  INSUFFICIENT EVIDENCE CLAIM:  PROCEDURAL BAR

Federal habeas corpus review of a state court's denial of a state prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice."  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  See also Lee v. Kemna, 534 U.S. 362, 375 (2002).  Where a state court has expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim.  See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005) (federal habeas review barred where state court held claim "not preserved for appellate review" but then ruled on the merits of the claim "in any event").

A procedural bar is "adequate" if it is "based on a rule that is firmly established

---

[4] Dismissal of a claim for habeas relief on the ground of procedural default amounts to "a disposition of the habeas claim on the merits."  See Carvajal, 633 F.3d at 104.

and regularly followed by the state in question." <u>Monroe v. Kuhlman</u>, 433 F.3d 236, 241

(2d Cir. 2006) (internal quotation and citation omitted).  In certain limited circumstances,

however, "even firmly established and regularly followed state rules will not foreclose

review of a federal claim if the application of the rule in a particular case is 'exorbitant.'"

<u>See</u> <u>Garvey v. Duncan</u>, 485 F.3d 709, 713-14 (2d Cir. 2007) (citing <u>Lee</u>, 534 U.S. at

376).  To this end, the Second Circuit has set forth the following "guideposts" for

evaluating the adequacy of the state procedural bar in the context of "the specific

circumstances presented in the case, an inquiry that includes an evaluation of the

asserted state interest in applying the procedural rule in such circumstances":

> (1) whether the alleged procedural violation was actually relied on in the
> trial court, and whether perfect compliance with the state rule would have
> changed the trial court's decision; (2) whether state caselaw indicated that
> compliance with the rule was demanded in the specific circumstances
> presented; and (3) whether petitioner had "substantially complied" with the
> rule given "the realities of trial," and, therefore, whether demanding perfect
> compliance with the rule would serve a legitimate governmental interest.

<u>See</u> <u>Cotto v. Herbert</u>, 331 F.3d 217, 240 (2d Cir. 2003) (quoting <u>Lee</u>, 534 U.S. at 381-

85).

Here, petitioner claims that the evidence was insufficient to establish the element

of intent necessary for a conviction of second degree murder.  Petitioner presented this

argument to the Second Department in Point I of his brief on direct appeal; the Second

Department affirmed petitioner's judgment of conviction and stated, *inter alia*:

> The defendant's challenge to the legal sufficiency of the evidence is
> unpreserved for appellate review, since he failed to raise this specific
> contention at trial (*see* CPL 470.05 [2]; *People v. Lawson*, 40 AD3d 657
> [2007]).  In any event, viewing the evidence in the light most favorable to
> the prosecution, we find that it was legally sufficient to establish the
> defendant's guilt of the crime of murder in the second degree beyond a
> reasonable doubt.  Contrary to the defendant's contention, his intent to

cause the death of the victim can be inferred from evidence that he plunged a knife three to four inches deep into the victim's chest.

See Tigner, 51 A.D.3d 1045, 860 N.Y.S.2d 542 (internal citations omitted).

New York's contemporaneous objection rule (codified at section 470.05(2) of New York's Criminal Procedure Law) "provides that, with a few exceptions not applicable here, New York appellate courts will review only those errors of law that are presented at a time and in a manner that reasonably prompted a judge to correct them during criminal proceedings."  See Downs v. Lape, 657 F.3d 97, 103 (2d Cir. 2011). More specifically, in order to preserve his insufficient evidence claim, petitioner was required to make a motion to dismiss at the close of the prosecution's case.  See Scission v. Lempke, 784 F. Supp.2d 237, 243-44 (W.D.N.Y. 2011).  "Moreover, New York courts have consistently held that a general motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged."  See id. at 244 (citing People v. Gray, 86 N.Y.2d 10, 20-22, 652 N.E.2d 919, 629 N.Y.S.2d 173 (1995)).  See also Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) ("New York's highest courts uniformly instruct that to preserve a particular issue for appeal, defendant must *specifically* focus on the alleged error.") (citation omitted; emphasis added in *Richardson*).

The record here reveals that, at the close of the People's case (1186) and again at the close of petitioner's case (1339), defense counsel made only a general motion to dismiss which did not preserve petitioner's insufficient evidence claim.  The Second Department's decision contained a plain statement that petitioner's insufficient evidence claim was "unpreserved."  Although the state court also rejected said claim on its merits,

the Appellate Division explicitly invoked an "independent" state procedural ground as a basis for its decision.  The Second Circuit has consistently recognized New York's contemporaneous objection rule as an independent and adequate state procedural rule barring habeas review.  See, e.g., Whitley v. Ercole, 642 F.3d 278, 292 (2d Cir. 2011); Brown v. Ercole, 353 Fed. App'x 518, 520 (2d Cir. 2009); Richardson, 497 F.3d at 218; Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) (federal courts "have observed and deferred to New York's consistent application of its contemporaneous objection rules").

    Further, applying the Cotto "guideposts," the state court's application of its own procedural rule was not "so 'exorbitant' as to render it inadequate to preclude habeas review of the federal claim."  See Whitley, 642 F.3d at 287-88.  As noted above, New York appellate courts routinely hold that a motion to dismiss for insufficient evidence must be "specifically directed at the alleged error."  See People v. Carncross, 14 N.Y.3d 319, 324-25, 927 N.E.2d 532, 901 N.Y.S.2d 112 (2010); People v. Finger, 95 N.Y.2d 894, 895, 739 N.E.2d 290, 716 N.Y.S.2d 34 (2000).  Further, petitioner's compliance would have served a legitimate purpose in that "[a]t a bare minimum, the trial court could have developed a factual record supporting its decision that could then properly be reviewed on appeal."  See Whitley, 642 F.3d at 290.  Finally, this case presents none of the "unique circumstances" that made compliance difficult in *Lee* and *Cotto*.

    Because there is an adequate and independent finding by the Appellate Division that petitioner procedurally defaulted on the insufficient evidence claim he now asserts as grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage

of justice." See Coleman, 501 U.S. at 750.  Here, petitioner seems to assert ineffective assistance of trial counsel as cause for the default.  The Supreme Court has "acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve [a] claim for review in state court will suffice" as cause to excuse a procedural default.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  However, an ineffective assistance of counsel claim "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Brown v. Conway, No. 08 Civ. 1780, 2012 WL 2872150, at *5 (E.D.N.Y. July 11, 2012) (quoting Carpenter, 529 U.S. at 452).  In other words, "ineffective assistance of counsel cannot serve as cause for the procedural default where, as here, the underlying ineffective assistance of counsel claim is itself procedurally defaulted." Washington v. Graham, No. 10-CV-0459T, 2011 WL 3684768, at *6 (W.D.N.Y. Aug. 23, 2011).  See discussion at III.B, *supra*.  Petitioner does not allege any further cause for his procedural default, nor has he demonstrated that this Court's failure to address the merits of said claim would result in a fundamental miscarriage of justice, i.e., that he is actually innocent.  Accordingly, I conclude, and respectfully recommend, that petitioner's procedural default bars federal review of his insufficient evidence claim.

## V.  CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that the instant petition for a writ of habeas corpus be denied in its entirety.[5]

---

[5] Attached to this Report and Recommendation are copies of all unpublished opinions and decisions available only in electronic form cited herein.  See Lebron v. Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

## VI.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated:  August ___9___, 2013
        White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.

-14-