USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK TIGNER,

Petitioner,

v.

WILLIAM A. LEE, Superintendent of the Green Haven Correctional Facility,

Respondent.

Case No. 11-CV-4432 (KMK) (GAY)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

Petitioner Derrick Tigner ("Tigner"), pro se, brings a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction of murder in the second degree. (Pet. for Writ of Habeas Corpus ("Pet.") ¶¶ 1–2 (Dkt. No. 2).)

On March 5, 2013, Magistrate Judge George A. Yanthis issued a Report and Recommendation, ("R&R" (Dkt. No. 20)), recommending that the Court deny Tigner's Petition in all respects. Petitioner filed a timely objection to the R&R's treatment of one of his two claims, which the Court has considered. (Pet'r's Obj. To R&R ("Pet'r's Obj.") (Dkt. No. 23).) For the reasons stated herein, the Court denies Tigner's objections to the R&R, adopts the R&R in its entirety, and dismisses Tigner's Petition.

## I. BACKGROUND

### A. Factual Background

Although the Court assumes the Parties' general familiarity with the factual and procedural background of this case as set forth in the R&R, the Court will briefly summarize the facts most salient to the Petition.

The evidence at trial established that Petitioner stabbed a Yonkers man in the chest with a knife, (*see* Trial Tr. 1407–08 ("Tr.") (Dkt. No. 15)), after a verbal altercation between Petitioner and the victim's cousin, (*see id.* at 1418–19). Petitioner fled the scene, (*see id.* at 1429), and later recorded a video in which he boasted about the stabbing, (*see id.* at 1436–1440). The victim soon died from the chest stabbing. (*See id.* at 1435.) Petitioner made a phone call to inquire about the victim's condition, and the police located Petitioner by tracing his call. (*See id.* at 1404–05.) When he was arrested, Petitioner possessed both the aforementioned video, (*see id.* at 1441), and the knife used to stab the victim, (*see id.* at 1433).

At the close of the People's case, Petitioner's counsel made a general motion to dismiss, stating that the People "failed to establish a prima facie case proving that [Petitioner was] guilty beyond a reasonable doubt." (Tr. 1186.) Petitioner's counsel renewed this motion at the end of the Defense case, contending again that the prosecution failed to establish "a prima facie case against [Petitioner]." (Tr. 1339.) The trial court denied the motion, finding that there were "sufficient questions of fact presented . . . to warrant submitting th[e] case to the jury." (*Id.*)

On March 16, 2005, a jury convicted Petitioner of one count of murder in the second degree (New York Penal Law § 125.25(1)) and one count of criminal possession of a weapon in the third degree (New York Penal Law § 265.02(1)). Petitioner was sentenced to an indeterminate term of 25-years-to-life imprisonment on the second-degree-murder count, to run concurrently with an indeterminate term of three-and-one-half to seven years on the criminal possession count.

B. Procedural Background

Since his conviction, Petitioner has filed multiple state and federal court appeals and petitions. The R&R contains a comprehensive catalogue of Petitioner's filings and the claims

raised therein. (R&R 2–3, 5–13.) Petitioner filed his first direct appeal with the New York Supreme Court, Appellate Division on August 30, 2007, on grounds that: 1) the evidence was insufficient to establish the element of intent necessary for a conviction of second degree murder, 2) the weight of the evidence was against the jury's guilty verdict, and 3) the ineffective assistance of counsel deprived Petitioner of a complete, fair trial and a just verdict. (Resp't's Mem. of Law in Opp'n to Pet. For a Writ of Habeas Corpus ("Resp't's Mem.") Ex. C., at iv (Dkt. No. 16).) On May 27, 2008, the Appellate Division unanimously affirmed Petitioner's conviction, holding that Petitioner's "challenge to the legal sufficiency of the evidence is unpreserved for appellate review, since he failed to raise this specific contention at trial," but that "[in any event, the evidence] was legally sufficient to establish [Petitioner's] guilt of the crime of murder in the second degree beyond a reasonable doubt." (Resp't's Mem. Ex. F, at 1 (citation omitted) (citing N.Y. Crim. Proc. Law § 470.05(2)).) The Appellate Division found that Petitioner's intent to cause death to the victim could be inferred from the evidence that Petitioner thrust the knife three to four inches into the victim's chest. (*Id.*) It also rejected Petitioner's ineffective assistance claim, holding that "disagreement with . . . strategy employed by defense counsel does not amount to a deprivation of effective assistance of counsel." (*Id.* at 2.)

Petitioner requested leave to appeal to the New York Court of Appeals, which was denied on November 12, 2009. (Resp't's Mem. Ex. I.) While the application for leave was pending, Petitioner requested new counsel on July 7, 2009, (Resp't's Mem. Ex. G (Status of New Assigned Counsel), at unnumbered 1), and was appointed such on September 15, 2009 (Resp't's Mem. Ex. H), "to serve and file an additional submission," (Resp't's Mem. Ex. G (Pet'r's Application for Leave to Appeal), at unnumbered 1). However, Petitioner's newly-appointed counsel appears to have been unaware of Petitioner's November leave to appeal, and thus

separately requested reconsideration and leave to appeal from the Court of Appeals. (*See* Resp't's Mem. Ex. J, at 2.) The Court of Appeals granted reconsideration on March 4, 2010, and again denied Petitioner's leave to appeal. (*See* Resp't's Mem. Ex. L.)

Petitioner timely filed the instant Petition on May 27, 2011, within the one-year statute of limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A). In his Petition, Petitioner asserts two grounds for relief: (1) that the evidence proffered at trial was insufficient to establish the element of intent necessary for a conviction of second degree murder, (*see* Pet. ¶ 31); and (2) that Petitioner's trial counsel was ineffective because he (a) failed to attack the insufficiency of evidence regarding Petitioner's intent, (*see id.* at ¶ 45), and (b) failed to preserve the insufficient evidence claim for appeal, (*see id.* at ¶ 47).

Prior to filing his habeas petition in this Court, Petitioner filed a New York Criminal Procedure Law § 440.10(1)(h) motion to vacate judgment in the New York State Supreme Court, Westchester County, in which Petitioner alleged that trial counsel's "failure to provide proper advice concerning sentencing exposure if he accept[ed] the [Government's] plea offer," amounted to ineffective assistance of counsel. (Letter from Pet'r to Court (June 17, 2013), unnumbered Ex. 2 ("May 19, 2013 Mot. To Vacate"), at 2 (Dkt. No. 17).) On June 17, 2013, Petitioner requested that the Court stay consideration of his habeas corpus Petition while the New York Criminal Procedure Law § 440.10(1)(h) was pending, so that Petitioner could exhaust his ineffective assistance of counsel claim and amend the Petition accordingly. (*Id.* at unnumbered 1, 3.) Magistrate Judge Yanthis denied Petitioner's stay request, because "Petitioner ha[d] not demonstrated good cause for delay in presenting this claim." (Dkt. No. 19); *see Rhines v. Weber*, 544 U.S. 269, 277–278 (2005) (holding that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and

abeyance is only appropriate when the court determines there was good cause for the petitioner's failure to exhaust his claims first in state court"). Petitioner failed to appeal the denial of his stay request, and has not raised this issue in his objection to Magistrate Judge Yanthis' R&R.[1]

Respondent filed a response to the Petition on September 1, 2011. (*See* Dkt. No. 16.) Magistrate Judge Yanthis issued an R&R on August 9, 2013, recommending the Court deny the Petitioner's Petition in its entirety on grounds that Petitioner's claims were procedurally barred and because Petitioner failed to demonstrate actual innocence or cause for the procedural default. (*See* R&R.) On September 13, 2013, the Court granted Petitioner 90 days in which to file his objections to the R&R. (*See* Dkt. No. 22.)

On December 2, 2013, Petitioner timely filed an objection to the R&R, which the Court now considers.

---

[1] The Court also finds that Magistrate Judge Yanthis did not commit clear error in denying Petitioner's request to stay consideration of his habeas petition to allow him to exhaust and add an additional claim. *See Rhines*, 544 U.S. at 271-72, 277 ("A district court has discretion to stay [a] mixed petition to allow [a] petitioner to present his [or her] unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition" provided there is "good cause for the petitioner's failure to exhaust his claims first in state court"). In order to petition for a stay, Petitioner must first show that he had good cause for failing to exhaust any claims in state court, and that his claims are not plainly meritless. *Id.* at 277 ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court . . . [and] even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless"); *see also Chu v. Artus*, No. 07-CV-6684, 2012 WL 8202381, at *15 (S.D.N.Y. Aug. 9, 2011), *adopted by* 2012 WL 2899378 (S.D.N.Y. July 16, 2012) ("If . . . the petitioner has not shown good cause for his failure to exhaust any unexhausted claims, or if those claims are plainly meritless, then the issuance of a stay would be an abuse of the Court's discretion."). Petitioner has made no such showing here.

## II. DISCUSSION

### A. Standard of Review

A district court reviewing an R&R addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007) (same). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to the magistrate judge's R&R. These objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Where a party submits timely objections to an R&R, as Petitioner has done here as to one of his two claims, the district court reviews de novo the parts of the R&R to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the [R&R] to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *See Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (internal quotation marks omitted).

Petitioners seeking a writ of habeas corpus must comply with the strict requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254. First, a petitioner must have exhausted his or her federal constitutional claims in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Sepulveda v. New York*, No. 08-CV-5284, 2013 WL 1248379, at *2 (S.D.N.Y. Mar. 26, 2013) ("[U]nexhausted claims generally may not be

considered on habeas review."). To satisfy the exhaustion requirement, a petitioner must have presented to the state court "all of the essential factual allegations" and "essentially the same legal doctrine" asserted in the federal habeas petition. *Daye v. Attorney Gen. of N.Y.*, 696 F.2d 186, 191–92 (2d Cir. 1982); *see also Chellel v. Miller*, No. 04-CV-1285, 2008 WL 3930556, at *4 (E.D.N.Y. Aug. 21, 2008) ("A petitioner must present the substance of a habeas corpus claim to the state court, including its federal constitutional dimension, before a federal habeas court can consider it."). In addition, "[a] habeas petitioner satisfies the exhaustion requirement if he [or she] has presented his [or her] claims for post-conviction relief to the highest state court." *Haddock v. Second Appellate Court*, No. 10-CV-3442, 2013 WL 3640150, at *4 (S.D.N.Y. July 15, 2013); *see also Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (noting that exhaustion requires habeas relief to be presented to the highest state court).

Second, a federal court "will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment." *Downs v. Lape*, 657 F.3d 97, 101 (2d Cir. 2011) (internal quotation marks omitted); *see also Lisojo v. Rock*, No. 09-CV-7928, 2010 WL 1223086, at *21 (S.D.N.Y. Mar. 31, 2010) (noting that preclusion of federal review is proper when "the last state court to render judgment . . . clearly and expressly state[s]. . . that its judgment rest[ed] on a state procedural bar.") (internal quotation marks omitted), *adopted by* 2010 WL 1783553 (S.D.N.Y. Apr. 29, 2010).

In "exceptional cases," the "exorbitant application of a generally sound [state procedural] rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). "To determine whether [a particular case] involves an exorbitant misapplication of a state rule, [courts] look to see if the state's application serves a

legitimate state interest." *Downs*, 657 F.3d at 102. To this end, the Second Circuit has identified several guideposts for determining the propriety of application of a state procedural rule in the context of a particular case:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision;
>
> (2) whether state [case law] indicated that compliance with the rule was demanded in the specific circumstances presented;
>
> (3) whether petitioner had substantially complied with the rule given the realities of trial, and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

*Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003) (internal quotations marks omitted).

In addition, "[the Court will not] consider claims that have not been exhausted by fair presentation to the state courts, unless the petitioner 'can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Acosta v. Artuz*, 575 F.3d 177, 184 (2d Cir. 2009) (citations omitted) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Furthermore, the AEDPA provides that a habeas petitioner is entitled to habeas corpus relief only if he or she can show that "the state court unreasonably applied law as established by the Supreme Court in ruling on [P]etitioner's claim, or made a decision that was contrary to it." *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008) (internal quotation marks omitted). "While the precise method for distinguishing objectively unreasonable decisions from merely erroneous ones is somewhat unclear, it is well-established in [the Second] Circuit that the objectively unreasonable standard of § 2254(d)(1) means that [the] petitioner must identify some increment

of incorrectness beyond error in order to obtain habeas relief." *Sorto v. Herbert*, 497 F.3d 163, 169 (2d Cir. 2007) (alterations and internal quotation marks omitted)); *see also Lisojo*, 2010 WL 1223086, at *18 (noting that federal courts pay "the state court's adjudication a high degree of deference [and] [i]t is the petitioner's burden to demonstrate that the state court applied the relevant clearly established law to the record in an unreasonable manner" (internal quotation marks omitted)). Moreover, a state court's determination of factual issues is presumed correct, and Petitioner has "the burden of rebutting the presumption [of correctness] by clear and convincing evidence." *Richard S. v. Carpinello*, 589 F.3d 75, 81 (2d Cir. 2009).

Lastly, as Petitioner is appearing before the Court pro se, the Court will consider all of Petitioner's submissions in keeping with the special solicitude afforded to pro se litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("[A] court is ordinarily obligated to afford a special solicitude to *pro se* litigants" because such litigants "generally lack[] both legal training and experience"). But, the Court's solicitude does not "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks omitted).

B. Analysis

1. Insufficient Evidence

Petitioner has objected to the R&R's conclusion that his insufficient evidence claim was not presented for appeal and is therefore procedurally barred. (*See* Pet'r's Obj. 1.) Respondent argues that the failure of Petitioner's trial counsel to explicitly object to insufficient evidence to prove Petitioner's intent failed to preserve this objection for appeal. Petitioner contends, however, that his trial counsel's general objection at the conclusion of the People's case, and again at the end of Petitioner's case, served to preserve the issue.

Under New York law, a defendant preserves a question of law on appeal only when he or she has "(1) made his or her position regarding the ruling known to the trial court; (2) made a protest, and the trial court expressly decided the question raised on appeal; or (3) without success either expressly or impliedly sought or requested a particular ruling." *Downs*, 657 F.3d at 102–03 (alteration and internal quotation marks omitted). In addition, objections concerning the sufficiency of the evidence must be made as a motion to dismiss "[a]t the conclusion of the people's case or at the conclusion of all the evidence." N.Y. Crim. Proc. Law § 290.10(1); *see also Mercado v. Lempke*, No. 07-CV-9865, 2011 WL 5223604, at *11 (S.D.N.Y. July 25, 2011), *adopted by* 2011 WL 6122290 (S.D.N.Y. Dec. 7, 2011) ("There is 'no doubt that New York case law requires that a sufficiency objection be specifically made to the trial court in the form of a motion to dismiss at trial.'" (quoting *Donaldson v. Ercole*, No. 06-CV-5781, 2009 WL 82716, at *2 (2d Cir. Jan 14, 2009))). In addition, objections to the sufficiency of the evidence "must [be] specifically focus[ed] on the alleged error." *Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (quoting *Garvey v. Duncan*, 485 F.3d 709, 714 (2d Cir. 2007) (internal quotation marks omitted) (collecting state court authority)). "New York courts have consistently held that a *general* motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged." *Mercado*, 2011 WL 5223604, at *11 (internal quotation marks omitted); *see also Sanchez v. Lee*, No. 10-CV-7719, 2011 WL 924859, at *18 n.30 (S.D.N.Y. Mar. 16, 2011) (collecting cases), *adopted by* 2011 WL 3477314 (S.D.N.Y. Aug. 8, 2011), *aff'd*, 508 F. App'x. 46 (2d Cir. 2013).

"[T]he Appellate Division's express reliance on the state's contemporaneous objection rule in rejecting [the petitioner]'s appeal constitutes an 'independent' state law ground for that decision," as federal courts "have no authority to question the state's interpretation of its own

procedural law under these circumstances." *Whitley*, 642 F.3d at 286. In addition, the contemporaneous objection rule constitutes an adequate ground. *See Downs*, 657 F.3d at 104 (noting that the Second Circuit has "held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule").

Here, the Appellate Division expressly denied Petitioner's insufficient evidence objection as unpreserved.[2] (*See* Resp't's Mem. Ex. F, at 1.) Moreover, Petitioner has not demonstrated that his objection was preserved pursuant to the requirements of New York Crim. Proc. Law § 470.05(2). *See Downs*, 657 F.3d at 102–103.P

First, Petitioner's counsel failed to properly make his objection known to the trial court. To properly preserve the issue, Petitioner's counsel needed to "specifically argue that the trial evidence was insufficient to establish [intent]." *Sanchez,* 2011 WL 924859, at *20. At trial, defense counsel instead moved that the "People's case be dismissed . . . [as it] failed to establish a prima facie case proving that [Petitioner] is guilty beyond a reasonable doubt." (Pet'r's Obj. 2 (internal quotation marks omitted).) However, this objection did nothing more than generally suggest that the People failed to meet its prosecutorial burden, and did not provide the trial court with a fair opportunity to specifically consider whether there was sufficient evidence of Petitioner's intent to support a conviction of second degree murder. (*See* Tr. 1186); *see also People v. Hawkins*, 900 N.E.2d 946, 951 (N.Y. 2008) (holding that trial counsel's objection that the prosecution "failed to prove that [the defendant] acted with [d]epraved [i]ndifference

---

[2] The fact that the Appellate Division went on to determine that Petitioner's objection would fail on the merits, even if preserved, is of no moment. *See Glenn v. Bartlett*, 98 F.3d 721, 725 (2d Cir. 1996) (holding that when a state court says a claim is "not preserved for appellate review," but then rules "in any event" that the claim is without merit, such a claim is procedurally barred).

[m]urder . . . did little more than argue that the People failed to prove the essential elements of depraved indifference murder" and could have been directed at many different errors) (internal quotation marks omitted); *Garvey*, 485 F.3d at 715 (finding that the "defendant did not provide the trial court with a fair opportunity to consider the legal issue of whether the civilian-facilitated identification was suggestive and needed to be suppressed"). Petitioner's objection was therefore unpreserved. *See Farino v. Ercole*, No. 07-CV-3592, 2009 WL 3232693, at *9 (E.D.N.Y. Sept. 30, 2009) (holding that where that "a generalized motion fails to articulate any reason to dismiss a particular charge, sufficiency of the evidence is unpreserved"); *Rivera v. Ercole*, No. 07-CV-3577, 2007 WL 2706274, at *13 (S.D.N.Y. Sept, 18. 2007) (holding that counsel's "boilerplate" motion to "dismiss all of the charges against the defendant . . . . [o]n the grounds that the People have not proven his guilt beyond a reasonable doubt" was insufficient to preserve petitioner's claims on appeal (internal quotation marks omitted)), *adopted by* 2008 WL 627507 (S.D.N.Y. Mar. 07, 2008).

Second, the trial court did not expressly decide the issue of whether the People presented sufficient evidence of Petitioner's intent to commit second degree murder. Petitioner claims that the trial court's determination that the "People have at this point established a prima facie case that there is *legally sufficient evidence to establish each count of the indictment*" indicates that the court "specifically confronted and resolved the sufficiency of evidence issue." (Pet'r's Obj. 2 (internal quotation marks omitted).) However, the issue Petitioner raised on appeal is distinct from the one addressed by the trial court. The trial court did not specifically address the sufficiency of evidence of Petitioner's intent, but rather delivered a boilerplate rejection of Petitioner's counsel's boilerplate motion to dismiss.

Third, Petitioner did not expressly or implicitly seek a ruling on this issue from the trial court without success. Petitioner's counsel's most specific reference to the intent requirement was made at a charging conference, where he stated that Petitioner's testimony "[did] not equate with necessarily intentionally trying to kill someone, but ultimately, Judge, I think it's pretty clear here that these are facts that the jury's going to have to determine for themselves." (*See* Tr. 1356.) Thus, counsel implicitly conceded that the issue of whether there was sufficient evidence of intent was a jury question. The Court finds that Petitioner's counsel failed to expressly or implicitly seek any particular ruling from the trial court with regard to the element of intent.

When evaluating whether a trial court sufficiently decided an issue to preserve it for appeal absent counsel's objection, "courts take seriously . . . that an issue must be *expressly* decided by the trial court (if not raised by a party) for it to be preserved for appeal[,] . . . [and] statements made by the trial court that might imply that it was considering an issue not raised by the parties should be read in context rather than in a vacuum." *Garvey*, 485 F.3d at 717 (citing *People v. Turriago*, 681 N.E.2d 350 (N.Y. 1997)). In Petitioner's case, the trial court made a generalized statement that there was legally sufficient evidence to "establish each count of the indictment," rather than specify to which count it was referring. (Pet'r's Obj. 2 (emphasis omitted).) The trial court did not indicate that its ruling was specific to the sufficiency of evidence with respect to the intent element. (*See* Tr. 1186.) Thus, the Court finds that the trial court did not expressly deal with the issue and it is therefore not preserved for appeal. *See Sanchez*, 2011 WL 924859, at *5, *20 (holding that a trial judge's declaration stating that "it's clear that there is a reasonable view of the evidence to support a . . . finding of . . . circumstances evincing a depraved indifference to human life," did not amount to "expressly confront[ing] or

resolv[ing] [the defendant's] . . . claim that the evidence failed to establish a depraved indifference mens rea" (internal quotation marks omitted)).

Furthermore, the application of the state procedural rule in Petitioner's case serves a legitimate state interest, as none of the *Cotto* factors have been satisfied. First, determination of whether the trial court's decision would have been different given perfect compliance with the rule "involves a certain degree of speculation." *Cotto*, 331 F.3d at 243. Therefore, "this [determination is] not very relevant in cases such as this one where [the Court is] reviewing application of the contemporaneous objection rule." *Whitley*, 642 F.3d at 289 (internal quotation marks omitted). In addition, New York case law demands that the contemporaneous objection rule be perfectly complied with in order to adequately preserve an issue on appeal. *See Downs*, 657 F.3d at 104 (collecting cases and noting that "[the Second Circuit] ha[s] held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule.") (collecting cases); *Garvey*, 485 F.3d at 715 ("New York courts consistently interpret [N.Y. Crim. Proc. Law ] § 470.05(2) to require that a defendant specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify any error."). Furthermore, there is no evidence in the record that Petitioner substantially complied with the contemporaneous objection rule as to make further specific objection "patently futile" and overcome the legitimate government interests served by requiring sufficiently specific objections at trial. *See Dozier v. McGinnis*, 558 F. Supp. 2d 340, 350 (E.D.N.Y. 2008) ("Where, as here, [the [petitioner] ma[de] no objection to the legal sufficiency of the evidence, [the petitioner] cannot be said to have substantially complied with [§] 470.05(2)."). Therefore, the state court's application of New York's contemporaneous objection rule was not "so exorbitant" to render it inadequate to preclude federal habeas review.

Petitioner also has failed to demonstrate cause for his failure to preserve the alleged sufficiency of evidence error at trial. "Cause" exists if the petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (internal quotation marks omitted). The only explanation Petitioner appears to provide for why the issue was unpreserved is the ineffective assistance of his trial counsel. (*See* R&R 13.) However, "a claim of ineffective assistance . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) (internal quotation marks omitted); *see also Cumberland v. Graham*, No. 08-CV-4389, 2014 WL 2465122, at *29 (S.D.N.Y. May 23, 2014) ("[A]ny . . . ineffective-assistance claim must itself have been exhausted in the state courts before it can be used to support a finding of cause") (internal quotation marks omitted); *Budhoo v. Superintendent, Green Haven Correctional Facility*, No. 11-CV-1331, 2014 WL 787583, at *14 (S.D.N.Y. Feb. 21, 2014) ("[Petitioner] cannot invoke [a denial of constitutionally adequate representation] ground . . . unless he first . . . exhausted his state-court remedies with respect to that claim"). Petitioner failed to present his ineffective assistance claim related to the failure to preserve the sufficiency of evidence claim, either on direct appeal or in subsequent collateral attacks, despite having ample time to do so and despite being appointed new counsel for his appeals process. Instead, the only ineffective assistance claims that Petitioner raised on direct appeal involved trial counsel's alleged failure to attack the lack of evidence of intent. (*See* Resp't's Mem. Ex. C, at 24–26.) The Appellate Division rejected this ineffective assistance claim on the merits applying New York law. (*See* Resp't's Mem. Ex. F, at 2.) Furthermore, Petitioner has not challenged the effectiveness of his appellate counsel. The Court finds no persuasive reason why Petitioner

could not have raised the specific ineffective assistance for failure to preserve the sufficiency of evidence claim on direct appeal, or, for that matter, the ineffectiveness of his appellate counsel.

In "extraordinary case[s]," a court may review a procedurally defaulted habeas claim in order to avoid a "fundamental miscarriage of justice," even in the absence of a showing of cause and prejudice. *Schlup v. Delo*, 513 U.S. 298, 321 (1995) (internal quotation marks omitted); *see also Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (explaining that in "extremely rare" cases, "a petitioner may use his claim of actual innocence as a gateway, or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction") (internal quotation marks omitted). However, this exception is expressly limited to situations where a petitioner presents a claim of actual innocence. *See Schlup*, 513 U.S. at 321 (noting that this exception is "explicitly tied" to the petitioner's innocence). As the Second Circuit explained in *Rivas v. Fischer*, 687 F.3d 514 (2d Cir. 2012):

> "[A] claim of actual innocence must be both credible and compelling. For the claim to be credible, it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. For the claim to be compelling, the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ."

*Id.* at 541 (citations and internal quotation marks omitted). Here, Petitioner offers no new reliable evidence of innocence (or, indeed, any new evidence at all) in his objection to the R&R. In fact, Petitioner makes no assertion of innocence whatsoever in his habeas submissions or his objection to the R&R. Petitioner instead focuses on the state court's finding that his claim was procedurally barred, and re-asserts the argument he made to the Appellate Division: that the evidence produced at trial was insufficient to support a finding that he "possessed the necessary

intent to have committed the crime of murder in the second degree." (Pet. ¶ 2; *see also id.* ¶¶ 28-44.)

In any case, the Court finds that "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Parker v. Ercole*, 666 F.3d 830, 835 (2d Cir. 2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (internal quotation marks omitted). At trial, the jury was presented with testimony from eyewitnesses that Petitioner stabbed the victim in the chest and that Petitioner handed his friend the bloody knife and told him to wipe it off. (*See* Tr. 1409, 1413, 1434.) The jury was also presented with the video in which Petitioner boasts about the stabbing. (*Id.* at 1437–39.) The People's expert, Dr. Duong, testified that the stab wound extended three or four inches into the victim's chest, that the victim died from the stab wound, and that it would require a lot of force to thrust a knife three or four inches into a 240-pound man like the victim. (*Id.* 1168–77.) Thus, sufficient evidence exists to support a finding that Petitioner possessed the requisite intent beyond a reasonable doubt. *See Jackson*, 443 U.S. at 318 ("[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction [is] . . . whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.").[3] Given

[3] The Second Circuit has held that evidence of a single stab wound is sufficient to justify a reasonable inference of a defendant's intent to kill, and is enough to defeat a sufficiency of evidence claim. *See United States v. Carneglia*, 403 F. App'x. 581, 588 (2d Cir. 2010) ("The government proved that [the petitioner] stabbed [the victim] in the heart. . . . [and] [b]ecause the jury reasonably could have inferred [the petitioner's] intent to kill [the victim] from that fact alone, [the petitioner's] sufficiency claim fails"); *accord Kelly v. Lempke*, No. 08-CV-8241, 2011 WL 2227174, at *13 (S.D.N.Y. Apr. 7, 2011) ("A juror is permitted to infer that a defendant intended the logical consequences of his action. Stabbing a person in the chest invites a strong inference of murderous intent."); *Vera v. Hanslmaier*, 928 F. Supp. 278, 284–85 (S.D.N.Y. 1996) ("Intent may also be inferred from the [petitioner's] conduct and the surrounding circumstances . . . [T]he jury was free to infer [petitioner's] intent from the very act of his stabbing the victim.").

the sum of this evidence, the Court concludes that Petitioner has not demonstrated "actual innocence" that would merit consideration of Petitioner's procedurally barred habeas claims. *See Rivas*, 687 F.3d at 541.

C. Ineffective Assistance of Counsel

Petitioner asserted two grounds for ineffective assistance of counsel in his habeas petition. (*See* Pet. ¶¶ 45, 47.) He argued that his trial counsel both failed to attack the insufficiency of evidence regarding Petitioner's intent and failed to preserve the insufficient evidence claim for appeal. (*See id.*)

Petitioner did not object to the portion of the R&R that recommended a dismissal of his ineffective assistance claims, however. When no objections are filed to an issue in an R&R, the Court reviews the R&R's recommendation for clear error. *See Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg*, 564 F. Supp. 2d at 226. The Court has reviewed the Petitioner's papers and the R&R, and finding no substantive error, clear or otherwise, adopts the R&R's recommendation that Petitioner's ineffective assistance claims be dismissed.

III. CONCLUSION

The Court hereby adopts the Report and Recommendation dated August, 9, 2013 in full. Furthermore, Petitioner's writ of habeas corpus is hereby dismissed with prejudice.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a Certificate of Appealability shall not be issued, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000), and the Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this judgment on the merits would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and finding that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of the Court is respectfully directed to enter a judgment in favor of Respondents and to close this case.

SO ORDERED.

Dated: October 3, 2014
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE